UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
STEPHEN CARRIER                         :
                                        :    CASE NO.:
        Plaintiff,              :
                                        :
vs.                                     :    Judge:
                                        :
                                        :
MID-CITY AUTO TITLE, INC.               :    Magistrate:
                                        :
                                        :
        Defendant.              :
------------------------------------------------------x

## COMPLAINT

Plaintiff, STEPHEN CARRIER, by and through his undersigned counsel, hereby files this Complaint and sues MID-CITY AUTO TITLE INC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

4. Plaintiff, STEPHEN CARRIER, (hereinafter referred to as "MR. CARRIER"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. CARRIER resides in Orleans Parish on Palmyra Street, New Orleans, Louisiana 70119.

6. MR. CARRIER is a qualified individual with a disability under the ADA and the LCHR. MR. CARRIER is a paraplegic due to a spinal cord injury.

7. Due to his disability, MR. CARRIER is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, MID-CITY AUTO TITLE, INC. is a corporation organized in the State of Louisiana, and doing business in Orleans Parish.

9. Upon information and belief, MID-CITY AUTO TITLE, INC. is the owner of the real properties and improvements which are the subject of this action, to wit: 3328 Bienville St., New Orleans, LA 70119 (hereinafter referred to as "the Property").

10. Upon information and belief, the Property is a business that provides auto title transfers, license renewals, car registrations, permanent Louisiana license plates, proof of insurance, and notary services.

11. MR. CARRIER has visited the Property to have his driver's license renewed but was not able to enter the Property due to architectural barriers to entry.

12. DEFENDANT is obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. CARRIER realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 3328 Bienville St., New Orleans, LA 70119.

16. MR. CARRIER has visited the Property and desires to visit the Property again in the future.

17. MR. CARRIER's most recent visit to the Property prior to filing this original Complaint was on July 7, 2023.

18. During this visit, MR. CARRIER was unable to enter the Property due there being no accessible ramp to the entrances.

19. When MR. CARRIER arrived at the Property, he found that he could not enter due none of the property entrances having an accessible ramp. While he was outside, a woman, who, upon information and belief, is an employee of DEFENDANT, came outside and told MR. CARRIER that he had to go to the DMV because the Property has no ramp.

20. MR. CARRIER continues to desire to visit the Property but will continue to experience serious difficulty due to his inability to enter the Property because there is no accessible ramp.

21. MR. CARRIER lives within close geographic proximity of the Property. MR. CARRIER's house is under a mile from the Property.

22. MR. CARRIER plans on returning to the Property for proof of insurance, vehicle registration, and notary services.

23. MR. CARRIER intends to and will visit the Property to utilize the goods and services in

the future, but fears that he will encounter the same barriers to access which are the subject of this action.

24. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. CARRIER due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    There is no accessible ramp to the Property entrances.

        B.    Other mobility-related ADA barriers to be identified following a complete inspection.

25. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

26. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, removal of the barriers to access located on the Property would provide MR. CARRIER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

28. Independent of his intent to return as a patron to the Property, MR. CARRIER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein

have been remedied.

29. MR. CARRIER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CARRIER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

30. MR. CARRIER repeats and realleges all preceding paragraphs in support of this claim.

31. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied to the conduct of DEFENDANT.

32. At all times relevant to this action, MR. CARRIER has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

33. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

34. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

35. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

36. DEFENDANT discriminated against MR. CARRIER, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 24 of this Complaint.

37. MR. CARRIER deems himself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

38. MR. CARRIER is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

**PRAYER FOR RELIEF**

WHEREFORE, MR. CARRIER demands judgment against DEFENDANT, and requests the relief:

    A.    That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

    B.    That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full

   extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. CARRIER pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. CARRIER pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just, and proper.

           Respectfully Submitted,

           **BIZER & DEREUS, LLC**
           *Attorneys for Plaintiff*

           /s/ Andrew D. Bizer
           ANDREW D. BIZER (LA # 30396)
           GARRET S. DEREUS (LA # 35105)
           ANNIKA MENGISEN (LA # 35524)
           3319 St. Claude Ave.
           New Orleans, LA 70117
           T: 504-619-9999; F: 504-948-9996
           Email: andrew@bizerlaw.com
               gdereus@bizerlaw.com
               annika@bizerlaw.com